Perry Narancic (SBN 206820)
**LEXANALYTICA, PC**
2225 East Bayshore Road, Suite 200
Palo Alto, California  94303
Tel.:  650-655-2800
pjn@lexanalytica.com

Adam J. Levitt (*pro hac vice* motion to be filed)
Amy E. Keller (*pro hac vice* motion to be filed)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel.:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com

*Additional Counsel Listed on Signature Page*

*Counsel for Plaintiff Luka Erceg and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LUKA ERCEG, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| LENDINGCLUB CORPORATION, | |
| Defendant. | |

Plaintiff Luka Erceg ("Plaintiff"), individually and on behalf of all others similarly situated (collectively, the "Class," as more fully defined below), brings this class action complaint against Defendant LendingClub Corporation ("LendingClub" or "Defendant"). Plaintiff makes the following allegations upon personal knowledge as to his own acts, upon information and belief, and his attorneys' investigation as to all other matters, alleging as follows:

## I.   NATURE OF THE ACTION

1. This is a class action brought on behalf of all individuals whose telephone calls with LendingClub were recorded by LendingClub, from locations in California and Massachusetts, without their knowledge or consent, in violation of California Penal Code §§ 630, *et seq*. and Mass. Gen. Law Ch. 272 §§ 99, *et seq*., thereby invading Plaintiff's and the other Class members' privacy.

2. LendingClub has a uniform policy or protocol of recording all telephone calls between its representatives and its customers or potential customers.

3. LendingClub, however, does not disclose to its customers or potential customers that it is recording their private telephone calls when its agents call consumers, in violation of state statutes governing those calls.

4. During these private telephone calls, LendingClub requests sensitive personal and financial information, including Social Security numbers.

5. Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LendingClub and its related entities or subsidiaries in willfully employing or causing to be employed recording and intercepting devices in order to secretly record, monitor, or listen to the telephone calls of Plaintiff and the other Class members, without their knowledge or consent, in violation of California and Massachusetts law.

## II.   PARTIES

**A.   Plaintiff**

6. Luka Erceg is a citizen of California, residing in San Diego County, California.

7. During the process of applying for a loan from a LendingClub subsidiary, LendingClub contacted Mr. Erceg by phone, and recorded the call without his knowledge or consent.

**B.     Defendant**

8.     LendingClub is a Delaware corporation, with its corporate headquarters and principal place of business located in San Francisco, California. LendingClub is subject to the jurisdiction of this Court and may be served with process at its principal executive office located at 595 Market Street, Suite 200, San Francisco, California.

9.     LendingClub is a peer-to-peer lending company that operates the world's largest peer-to-peer lending platform. It was the first peer-to-peer lender to register its offerings as securities with the Securities and Exchange Commission ("SEC"), and to offer loan trading on a secondary market. The company claims that $53.72 billion in loans had been originated through its platform as of September 30, 2019.[1] The company raised $1 billion in what became the largest initial public offering ("IPO") of 2014 in the United States.

10.    LendingClub employs representatives at call centers located in Massachusetts and California that call customers or potential customers regarding loan applications with LendingClub and/or its subsidiaries.

### III.    JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action, there is minimal diversity, and the amount in controversy exceeds $5 million, exclusive of interest and costs.

12.    The Court has personal jurisdiction over LendingClub because it resides and is subject to general jurisdiction in this District. The Court also has personal jurisdiction over LendingClub, because it offers loans and other services throughout the United States, including in this District, and the conduct complained of occurred in or was targeted at this District.

13.    Venue is proper in this District, because Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. 28 U.S.C. § 1391(b)(1)-(2).

---

[1] Lending Club Statistics, https://www.lendingclub.com/info/statistics.action (last accessed Feb. 12, 2020).

## IV.    **FACTUAL ALLEGATIONS**

14. In the course of attempting to secure financing for his children's tutoring, Plaintiff contacted C2 Education Services ("C2 Education"). C2 Education is a tutoring company that provides students with customized tutoring services.

15. Plaintiff met with a representative of C2 Education and filled out a loan application for tutoring services. The completed application was submitted to Your Tuition Solutions, which is a loan broker owned and/or operated by Springstone Financial, LLC ("Springstone Financial"). Springstone Financial is a subsidiary of LendingClub. Your Tuition Solutions ultimately arranged financing with NBT Bank.

16. At no point during the initial application process, did Plaintiff have any direct dealings whatsoever with LendingClub, nor was he made aware that LendingClub would have any involvement in his loan application.

17. Plaintiff received no standard terms governing any potential relationship with C2 Education, Springstone Financial, Lending Club, or NBT Bank. He received no privacy policy, nor was he informed of which entity would be contacting him about his loan application, or whether those calls would be recorded.

18. Following the application process, a representative of LendingClub, located at a LendingClub call center in Massachusetts, left a telephone message for Plaintiff requesting a return phone call. LendingClub also makes similar telephone calls to customers or potential customers, including the other Class members, from call centers located in California.

19. Plaintiff, who was located in California, returned the telephone call on October 3, 2018. The representative proceeded to ask questions about Plaintiff's loan application.

20. The conversation became contentious when LendingClub's representative improperly accused the Plaintiff of fraud (despite subsequently approving his application), and Plaintiff regrettably said a number of rude things in response—mostly due to the fact that his arm had been recently amputated and he was in a great deal of pain.

4
CLASS ACTION COMPLAINT

21. The representative, who was located in Massachusetts, later filed an application for a protective order against Plaintiff, who was located in California, claiming that Plaintiff had threatened her during the telephone call.

22. During a court hearing related to the LendingClub representative's application for a protective order on February 14, 2019, the LendingClub representative's attorney played a recording of the telephone call between the representative and Plaintiff. This is the first time that Plaintiff was informed or had reason to know that he had been recorded on that phone call.

23. During the course of the protective order hearing, Sean Barry, a LendingClub employee, testified that he was responsible for oversight of the telephone system at LendingClub and that it was LendingClub's "protocol" to record "pretty much anything" that involved an interaction between LendingClub and its customers and/or clients, including the other Class members.

24. Specifically, the employee testified as follows:

Attorney: And what is your occupation, Mr. Barry?

Witness: I'm a System Engineer for LendingClub.

Attorney: And what is LendingClub briefly?

Witness: We lend money to people for various needs. The division we work in Westborough does medical lending and tutoring lending.

Attorney: What are your duties and responsibilities?

Witness: I work for the corporate technology team, specifically on the telephone team. So I support the phone system.

Attorney: Do you oversee the recording of calls that come into the organization?

Witness: I do. That's under my purview.

Attorney: And general—what are the protocols for recording communications at LendingClub?

Witness: ***Pretty much anything that any agent or person within LendingClub that interacts with a customer or client will be recorded***.

Attorney: Are you the keeper of the recording systems at the organization?

5
CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| Witness: | Yes, I'm part of a team. I reside in Westborough. So I handle all the Westborough agents. |
| Attorney: | At some point, did you have an occasion to access a recording between Kristin Cerniglia and the defendant Luca Erceg? |
| Witness: | Yes. That was requested. |
| Attorney: | Okay. And who requested that? |
| Witness: | I believe it was Pam Bohen [Phonetic] [1:00:28]. |
| Attorney: | And Pam Bohen is sitting in the court room? |
| Witness: | Yes. |
| Attorney: | And who is she? |
| Witness: | She's the Office Manager and Executive Assistant. |
| Attorney: | And did you ask that recording at her request? |
| Witness: | I was able to get it for her, yes. |

(emphasis added).

25. Despite Mr. Barry's testimony that LendingClub records "pretty much anything" that involved an interaction between LendingClub and a customer or client, including Plaintiff and the other Class members, at no time during the October 3, 2018 telephone conversation was Plaintiff advised that the telephone call was being recorded.

26. Moreover, during that conversation, Plaintiff disclosed sensitive personal and financial information at the request of the LendingClub representative, including Social Security numbers.

27. Your Tuition Solutions' website contains a privacy policy, but it does not disclose that telephone conversations with customers or potential customers, including Plaintiff and the other Class members, could be recorded, as a matter of protocol or otherwise.

28. Similarly, LendingClub has a privacy policy, but Class members are not provided with that policy in advance of their discussions with LendingClub agents, nor do they have any reason to review LendingClub's privacy policy in advance of those discussions.

## V. CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of a class defined as:

> All individuals who have had their telephone calls with LendingClub recorded by LendingClub without their knowledge and consent.

(the "Class," unless otherwise noted).

30. Excluded from the Class are LendingClub and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; the judicial officers, and their immediate family members; and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

31. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

32. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs, but may be ascertained from LendingClub's books and records and, based upon publicly-available information, is presumed to be not less than in the hundreds of thousands of people. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

33. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a.    Whether LendingClub engaged in the conduct alleged herein;

    b.    Whether LendingClub has a policy of recording and/or monitoring telephone calls;

    c.    Whether LendingClub discloses to callers and/or obtains their consent that their telephone conversations are being recorded and/or monitored;

    d.    Whether LendingClub's alleged conduct violates applicable law;

e. Whether LendingClub's conduct violates public policy;

f. Whether Class members are entitled to damages, equitable relief, statutory damages, exemplary damages, and/or other relief; and

g. The amount and nature of relief to be awarded to Plaintiff and the other Class members.

34. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members' telephone calls with LendingClub were recorded by LendingClub without their knowledge or consent. Plaintiff and the other Class members suffered damages as a direct and proximate result of the same wrongful conduct in which LendingClub engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims.

35. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

36. **Declaratory and Injunctive Relief** – **Federal Rule of Civil Procedure 23(b)(2).** LendingClub has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

37. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against LendingClub, so it would be impracticable for the Class members to individually seek redress for LendingClub's wrongful conduct. Even if the Class members could afford litigation the court system could not.

Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.     CLAIMS ALLEGED

### FIRST CLAIM FOR RELIEF

### Violations of California Penal Code § 632

38. Plaintiff repeats and alleges the allegations in Paragraphs 1-37, above, as if fully alleged herein.

39. Plaintiff brings this claim individually and on behalf of the other Class members.

40. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the recording.

41. LendingClub employed and/or caused to be employed certain eavesdropping, recording, and listening equipment on telephone lines of its employees and/or representatives of LendingClub, including those located in California.

42. These recording and/or monitoring devices were maintained and used by LendingClub to overhear, record, and listen to each and every telephone conversation over said telephone lines.

43. These recording and/or monitoring devices were used to record, monitor, or listen to the telephone conversations of Plaintiff and the other Class members, in violation of California Penal Code § 632(a).

44. At no time prior to or during the telephone conversations between Plaintiff and the other Class members and LendingClub's representatives and/or employees, did LendingClub inform Plaintiff and the other Class members that their telephone calls were being recorded and/or monitored and at no

time did Plaintiff and the other Class members consent to the recording and/or monitoring of their telephone calls.

45. LendingClub knew or should have known that its conduct was unlawful and a violation of Plaintiff's and the other Class members' right to privacy under California Penal Code §§ 630, *et seq.* because it knowingly and/or intentionally engaged in the recording and/or monitoring of Plaintiff's and the other Class members' telephone calls with Lending Club.

46. Based on the foregoing, Plaintiff and the other Class members are entitled to damages and equitable relief including, but not limited to, requiring LendingClub to disclose that it is recording calls prior to commencing such calls to its customers and potential customers, as well as statutory damages as set forth in California Penal Code § 637.2.

## SECOND CLAIM FOR RELIEF

### Violations of California Penal Code § 632.7

47. Plaintiff repeats and alleges the allegations in Paragraphs 1-37, above, as if fully alleged herein.

48. Plaintiff brings this claim individually and on behalf of the other Class members.

49. California Penal Code § 632.7 prohibits, in pertinent part, "[e]very person, who, without the consent of all parties to a communication . . . intentionally records, or assists in the . . . intentional recordation of, a communication transmitted between . . . a cellular radio telephone and a landline telephone."  Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

50. Though similar, California Penal Code § 632 and § 632.7 are not duplicative and protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone.

51. LendingClub employed and/or caused to be employed certain eavesdropping, recording, and listening equipment on telephone lines of all employees and/or representatives of Lending Club, including those located in California.

52. These recording and/or monitoring devices were maintained and used by LendingClub to overhear, record, and listen to each and every telephone conversation over said telephone lines.

53. These recording and/or monitoring devices were used to record, monitor, or listen to the telephone calls of Plaintiff and the other Class members utilizing cellular telephones, in violation of California Penal Code § 632.7.

54. At no time during the telephone calls between Plaintiff and the other Class members and LendingClub's representatives and/or employees, did LendingClub inform Plaintiff and the other Class members that their telephone conversations were being recorded and/or monitored and at no time did Plaintiff and the other Class members consent to the recording and/or monitoring of their telephone calls.

55. LendingClub knew or should have known that its conduct was unlawful and a violation of Plaintiff's and the other Class members' right to privacy under California Penal Code § 630, *et seq.* because it knowingly and/or intentionally engaged in the recording and/or monitoring of Plaintiff's and the other Class members' cellular telephone calls with LendingClub.

56. Based on the foregoing, Plaintiff and the other Class members are entitled to damages and equitable relief including, but not limited to, requiring LendingClub to disclose that it is recording calls prior to commencing such calls to its customers and potential customers, as well as statutory damages as set forth in California Penal Code § 637.2.

### THIRD CLAIM FOR RELIEF

### Violations of Mass. Gen. Law. Ch. 272 § 99

57. Plaintiff repeats and alleges the allegations in Paragraphs 1- 37, above, as if fully alleged herein.

58. Plaintiff brings this claim individually and on behalf of the other Class members.

59. Mass. Gen. Law Ch. 272 § 99 prohibits one party to a telephone call from willfully intercepting the contents of any wire or oral communication through the use of any intercepting device by any person without prior authorization by all parties to such communication. It further prohibits the disclosure or use of the contents of any wire or oral communication, knowing that the information was obtained through an interception, without prior authorization by all parties to the communication.

60. The prohibition upon interception of a telephone call includes secretly hearing, secretly recording, or aiding another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device, including any apparatus capable of transmitting, receiving, amplifying, or recording a wire or oral communication, without prior authority by all parties to such communication.

61. LendingClub employed and/or caused to be employed an intercepting device on telephone lines of all employees and/or representatives of LendingClub, including those located in Massachusetts.

62. These intercepting devices were maintained and used by LendingClub to secretly overhear, record, and listen to each and every telephone conversation over said telephone lines.

63. These intercepting devices were used to record, monitor, or listen to the telephone conversations of Plaintiff and the other Class members, in violation of Mass. Gen. Law Ch. 272 § 99.

64. At no time during the telephone conversations between Plaintiff and the other Class members and LendingClub's representatives and/or employees, did LendingClub inform Plaintiff and the other Class members that their telephone conversations were being recorded and/or monitored and at no time did Plaintiff and the other Class members consent or provide authority to the recording and/or monitoring of their telephone calls.

65. LendingClub knew or should have known that its conduct was unlawful and a violation of Plaintiff's and the other Class members' right to privacy under Mass. Gen. Law Ch. 272 § 99 because it knowingly and/or willfully engaged in the intercepting of Plaintiff's and the other Class members' telephone calls with LendingClub.

66. Based on the foregoing, Plaintiff and the other Class members are entitled to damages and equitable relief including, but not limited to, requiring LendingClub to disclose that it is recording calls prior to commencing such calls to its customers and potential customers, as well as statutory damages as set forth in Mass. Gen. Law Ch. 272 § 99Q.

### VII.    REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in his favor and against LendingClub as follows:

   a. Certifying the Class as requested herein, designating Plaintiff as class representative, and appointing the undersigned counsel as Class Counsel;

   b. Declaring that Lending Club is financially responsible for notifying the Class members of the pendency of this suit;

   c. Awarding actual and/or statutory damages to the maximum extent allowed, in an amount to be proven at trial;

   d. Awarding injunctive relief as permitted by law or equity, including enjoining Lending Club from continuing the unlawful practices as set forth herein;

   e. Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

   f. Awarding pre- and post-judgment interest on any amounts awarded; and

   g. Awarding such other and further relief as may be just and proper.

## VIII. JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all causes of action so triable.

Dated:  February 13, 2020

/s/  *Perry Narancic*
Perry Narancic (SBN 206820)
**LEXANALYTICA, PC**
2225 East Bayshore Road, Suite 200
Palo Alto, California  94303
Tel.:  650-655-2800
pjn@lexanalytica.com

Adam J. Levitt (*pro hac vice* motion to be filed)
Amy E. Keller (*pro hac vice* motion to be filed)
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
Tel.:  312-214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com

Mark A. DiCello (*pro hac vice* motion to be filed)
Justin J. Hawal (*pro hac vice* motion to be filed)
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
Tel.:  440-953-8888

13
CLASS ACTION COMPLAINT

mad@dicellolevitt.com
jhawal@dicellolevitt.com

*Counsel for Plaintiff and the Proposed Class*