UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKA ERCEG,<br><br>        Plaintiff,<br><br>v.<br><br>LENDINGCLUB CORPORATION,<br><br>        Defendant. | Case No. 20-cv-01153-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY AND MOTION TO DISMISS**<br><br>Re: Dkt. No. 30 |

Defendant LendingClub Corporation ("LendingClub" or "Defendant") moves to stay the pending action, or alternatively to dismiss ("Mot.," Dkt. No. 30) the first amended complaint (Dkt. No. 27 ("FAC")). Briefing on the motion is complete. Dkt. No. 34 ("Opp."); Dkt. No. 35 ("Reply"). Plaintiff Luka Erceg ("Plaintiff") alleges three causes of action: violations of (1) California Penal Code § 632;[1] (2) California Penal Code § 632.7; and (3) Mass. Gen. Law. Ch. 272 § 99. *See* FAC ¶¶ 51, 63, 75. On July 9, 2020, the Court held a hearing on the motions. Dkt. No. 37. For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

I.  **BACKGROUND**

Plaintiff alleges that in the course of attempting to secure financing for his children's tutoring, he submitted an application to "Your Tuition Solutions," a loan broker owned and/or operated by Springstone Financial LLC, which is a subsidiary of LendingClub. *See* FAC ¶ 16. Following the application process, a representative of LendingClub, located at a call center in

---

[1] Prior to filing the FAC, Plaintiff indicated that the amended complaint "will drop the claims made under California Penal Code § 632." Dkt. No. 26 ¶ 1. Nevertheless, the FAC included this cause of action.

Massachusetts, left a telephone message for Plaintiff on his cellphone requesting a return call. *Id.* ¶ 19. Plaintiff, who was located in California, returned the call at the direct line of the LendingClub representative, and left several voicemails. *Id.* ¶ 20.

Plaintiff alleges that on October 3, 2018, he received a return call from the LendingClub representative, and did not receive notice that the call was being recorded. *Id.* ¶ 21. The representative proceeded to ask Plaintiff about the loan application, at which point the conversation became contentious when LendingClub's representative accused Plaintiff of fraud. *Id.* ¶¶ 21-22.

The LendingClub representative later filed an application for a protective order against Plaintiff, claiming that Plaintiff threatened her during the call. *Id.* ¶ 23. On February 14, 2019, during a hearing related to the protective order, the representative's attorney played a recording of the telephone call between representative and Plaintiff. *Id.* ¶ 24. Plaintiff alleges that this was the first time he was informed or had reason to know that he had been recorded. *Id.*

During the course of the protective order hearing, a separate LendingClub employee testified that it was the company's "protocol" to record "pretty much anything" that involved an interaction between LendingClub and its customers and clients. *Id.* ¶ 25. Plaintiff alleges that at no time during the October 3, 2018 telephone conversation was he advised that the call was being recorded. *Id.* ¶ 26. Plaintiff also alleges that during the recorded conversation, he disclosed sensitive personal and financial information at the request of the LendingClub representative, including social security numbers. *Id.* ¶ 27. Plaintiff contends that despite having policies requiring its customer service representatives to inform individuals that they may be recorded, LendingClub failed to enforce this policy and does not always disclose to customers that it is recording the call. *Id.* ¶ 6.

Plaintiff seeks relief on behalf of a nationwide class of "[a]ll individuals who have had their telephone calls with LendingClub recorded by LendingClub without their knowledge and consent." *Id.* ¶ 32.

## II. LEGAL STANDARD

### A. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to issue a stay, the Court should consider three factors: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "[If] there is even a fair possibility that the stay for which [the requesting party] prays will work damage to [someone] else," then the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

### C. Motion to Strike

Pursuant to Rule 12(f), a party may move to strike from a pleading "any insufficient defense or any redundant, immaterial, or impertinent and scandalous matter." Fed. R. Civ. P. 12(f). Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery. *See Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Before a motion to strike is granted, however, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed. *Id.* (citing *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005)).

## III. DISCUSSION

### A. Motion to Stay

Section 632.7 makes it a violation to, without consent, "intercept[] or receive[] and intentionally record[]" a cellphone communication. The California Court of Appeal recently held that "section 632.7 prohibits only third-party eavesdroppers from intentionally recording telephonic communications involving at least one cellular or cordless telephone. Conversely, section 632.7 does not prohibit the participants in a phone call from intentionally recording it." *Smith v. LoanMe, Inc.*, 43 Cal. App. 5th 844, 848 (2019). That ruling, which is fatal to Plaintiff's

4

section 632.7 cause of action because Plaintiff does not allege that a third-party eavesdropper recorded the call at issue, is currently on appeal to the California Supreme Court, and Defendant seeks a stay of this action pending the outcome of that appeal. *Review granted*, 460 P.3d 757 (Cal. Apr. 1, 2020); Mot. at 2.

Defendant contends that the California Supreme Court's ultimate holding in *Smith* will impact the analysis of both Plaintiff's section 632.7 and section 632[2] causes of action, such that the Court should stay the entirety of this action until the California Supreme Court rules. Mot. at 7.[3] The Court agrees that the California Supreme Court's ruling could be dispositive of the section 632.7 cause of action by clarifying whether that section allows participants in a phone call to intentionally record it, as the California Court of Appeal held.

Although Defendant does not seek dismissal of the section 632 cause of action, the Court agrees that the California Supreme Court's decision in *Smith* has enough potential to impact Plaintiff's section 632 cause of action that a stay is also warranted as to that cause of action. Although the California Court of Appeal's ruling in *Smith* did not directly address section 632 because the plaintiff there did not allege a section 632 cause of action, *Smith*, 43 Cal. App. 5th at 847, the court analyzed the reach of section 632.7 by reviewing three aspects of the statute—"the plain language of section 632.7, its legislative history, **and its relationship with other provisions of the Privacy Act**." *Id.* at 848 (emphasis added). The California Supreme Court, in interpreting section 632.7, could provide helpful guidance regarding section 632 and the legislative scheme underlying the Privacy Act.

The enactment of section 632.7, as it relates to section 632, was explained in *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1040 (S.D. Cal. 2018):

> Section 632.7 became effective in 1992. Leading up to the passage of § 632.7, the California Senate Committee on Judiciary stated that

---

[2] Section 632 provides that "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication" shall be punished by a fine, incarceration, or both. "[S]ection 632 can apply to the parties to a communication." *Smith*, 43 Cal. App. 5th at 852, n.5 (citing *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 117-118 (2006)).
[3] Although briefing is complete in *Smith*, the California Supreme Court has not yet heard argument.

> 'there is currently no statute prohibiting a person from intercepting and intentionally recording a communication transmitted via cellular or cordless telephone.' Senate Committee on Judiciary, AB 2465, at 2 (June 9, 1992). The Ways & Means Committee agreed, stating that § 632.7 **'would expand existing law prohibiting unauthorized recording of telephone conversations to cover cordless and cellular phones.'** Ways & Means Committee, AB 2465, at 1 (March 9, 1992). Section 632.7 was intended to 'simply extend[ ] to persons who use cellular or cordless telephones the same protection from recordation that persons using 'landline' telephones presently enjoy.' Author Lloyd G. Connelly's Statement of Intent, Cal. Assem. Bill No. 2465 (1992)

*Id.* at 1043 (emphasis added); *see also id.* ("At the time § 632.7 was being debated, a party to a call conducted on a landline violated § 632 by recording that call."). The legislative history of section 632.7 therefore suggests that it was enacted to extend the law then embodied in section 632 to calls that section 632 did not cover at that time: calls to cellphones.

In its decision in *Smith*, the California Supreme Court could very well address how sections 632 and 632.7 apply (or do not) to the recording of confidential communications, to the interception and recording of calls, and to calls made on cellphones or wireless phones. Accordingly, under *Landis*, the Court exercises its discretion to stay Plaintiff's section 632 and section 632.7 causes of action pending the California Supreme Court's decision in *Smith.* Addressing the first *CMAX* factor, the Court finds that little harm would result from granting the stay. While a stay will cause some delay, that delay will not be unfairly prejudicial. *See, e.g.*, *Ludlow v. Flowers Foods, Inc.*, Case No. 18-CV-1190 JLS (JLB), 2020 WL 773253 at *2 (S.D. Cal. Feb. 18, 2020) ("While staying this case will certainly delay proceedings, the Court finds that because the California Supreme Court has now granted the Ninth Circuit's request and will answer the question expeditiously, any wait for an answer to this important issue would be neither indefinite nor unreasonable."). Additionally, LendingClub confirms that it has taken steps to preserve discovery during any potential stay by issuing a litigation hold notice designed to preserve evidence relevant to the case. *See* Dkt. No. 26 at 4-5; *Johnson v. Starbucks Corp.*, Case No. 18-CV-06842-KAW, 2019 WL 3220273 at *2 (N.D. Cal. Jul. 17, 2019) ("Delay alone is typically insufficient where there is no showing of irreparable damage or injury, such as problems with preserving evidence.").

The second and third *CMAX* factors similarly favor issuing a stay until the California

Supreme Court issues its ruling in *Smith*. In the event that the California Supreme Court affirms the California Court of Appeal's decision, and also clarifies that section 632 is not applicable to calls carried out on cellphones, such a decision would appear to be entirely dispositive of Plaintiff's causes of action.[4] It would be a waste of judicial resources to try to guess (by issuing what amounts to an advisory opinion) how the California Supreme Court will decide these issues, or to permit discovery and further proceedings, when the *Smith* ruling easily could be determinative of Plaintiff's claims in whole or in part.

Because issuing a stay in this case will result in minimal harm to the parties and will eliminate a potential hardship by not requiring the parties to go forward with premature discovery, the Court will **STAY** Plaintiff's section 632.7 and section 632 causes of action pending the California Supreme Court's decision in *Smith*. Defendant is directed to file a notice of recent authority within 48 hours of the ruling. The filing must simply attach the decision, and must not include any legal or factual argument or characterization.

### B.   Motion to Dismiss

Defendant moves to dismiss Plaintiff's third cause of action. Defendant also moves under Federal Rule of Civil Procedure 12(f) to strike Plaintiff's nationwide class allegations on the grounds that neither California nor Massachusetts law can be applied to a nationwide case.

#### i.   Third Cause of Action (Massachusetts Law)

Mass. Gen. Law Ch. 272 § 99, in relevant part, imposes liability on any person who "willfully commits an interception, attempts to commit an interception, or procures any other person to commit an interception or to attempt to commit an interception of any wire or oral communication." That section also makes clear that it was enacted to protect "the privacy of all citizens of the commonwealth."

Plaintiff asserts that he is a California resident and was located in California when the alleged harm occurred. *See* FAC ¶¶ 7, 20. While Plaintiff maintains that Mass. Gen. Law Ch. 272

---

[4] For example, Plaintiff specifically alleges that he carried out his call on his cellphone. FAC ¶ 8 ("LendingClub contacted Mr. Erceg on October 3, 2018 on his **cellular phone**, and recorded the call without his knowledge or consent.") (emphasis added).

7

§ 99 does not contain a residency requirement, Plaintiff fails to point to any authority (and the Court likewise cannot find any) in which a court has applied Mass. Gen Law Ch. 272 § 99 to a non-resident located outside of Massachusetts at the time of the alleged recording. *See* Opp. at 12.

Plaintiff relies on *Valentine v. NebuAd, Inc*., 804 F. Supp. 2d 1022 (N.D. Cal. 2011), in support of his argument that Massachusetts law can apply to non-resident plaintiffs. In *Valentine,* the court concluded that non-resident plaintiffs had standing to bring California Invasion of Privacy Act ("CIPA") claims against California defendants where the intercepted communications were routed to the defendant's California headquarters for analysis. *Id*. at 1024, 1026. The Court held that:

> A legislative purpose that articulates an interest in protecting those within California is not inconsistent with also allowing non-Californians to pursue claims against California residents. To conclude otherwise would mean the California Legislature intended to allow California residents to violate the CIPA . . . with impunity with respect to out-of-state individuals and entities, a result this Court declines to reach.

*Id*. at 1028.

The court in *Valentine* was only faced with deciding whether CIPA applied, and there was no corresponding out-of-state statute at issue, so the court did not have to conduct a choice-of-law analysis. In fact, the *Valentine* court specifically distinguished the California Supreme Court's decision in *Kearney*, 39 Cal.4th 95, and other cases holding that CIPA protects only California residents when a California resident is suing an out-of-state defendant, as is the case here. *Id*. at 1027. Therefore, *Valentine* is inapplicable to the present question: can Plaintiff maintain two causes of action based on the same exact conduct under the substantially similar and overlapping recording statutes of two states?

The California Supreme Court has provided helpful guidance on that question. In *Kearney*, the defendant's Georgia employees recorded telephone conversations with California clients without the clients' knowledge or consent, and the clients then sued the firm for violating CIPA and California's unfair competition law. The California Supreme Court primarily addressed a choice-of-law question: whether to apply California law, which requires the consent of all parties before a conversation can be lawfully recorded, or Georgia law, under which only one party need

1  consent. The court ultimately chose to apply California law. In reaching that conclusion, the
2  court noted that the statute's purpose—"to protect the privacy of the people of this state," *id*. at
3  119 (quoting Cal. Pen. Code § 630)—"certainly supports application of the statute in a setting in
4  which a person outside California records, without the Californian's knowledge or consent, a
5  telephone conversation of a California resident who is within California." *Id*.

6  Therefore, under California's choice-of-law rules, when faced with different states'
7  recording statutes, courts apply a governmental interest analysis. *See id.* at 107-08. The first step
8  in that analysis asks whether California law and the law of another state conflict. If there is no
9  conflict, then California law applies. *Id*. at 109-110; *see also In re Yahoo Mail Litig*., 308 F.R.D.
10 577, 602 (N.D. Cal. 2015). Here, California and Massachusetts law both prohibit the recording of
11 a telephone call without the consent of all parties to the call (dual-consent states). *See* Cal. Penal
12 Code §§ 632, 632.7; *Commonwealth v. Hyde*, 434 Mass. 594, 599 (2001).

13 Because Plaintiff has not otherwise identified any substantive differences between
14 Massachusetts and California law, California law applies. Even if there were minor substantive
15 differences,[5] under *Kearney*, because Plaintiff is a resident of California, California has a greater
16 interest in applying its privacy laws to protect the citizens of its states than Massachusetts does in
17 applying its privacy laws to protect the citizens of a different state. For example, in *Jonczyk v.*
18 *First Nat. Capital Corp.*, No. SACV 13-959-JLS AGRX, 2014 WL 1689281, at *4 (C.D. Cal. Jan.
19 22, 2014), the court followed *Kearney* and held that because Plaintiff was not a California
20 resident, California's interest in applying CIPA would not be significantly impaired by applying
21 Missouri's recording laws. Put differently, when faced with two recording laws, a court applies
22 the law of the state where the aggrieved party whose privacy rights were invaded was located
23 when recorded, not the law of the state where the recording party was located. *See also Yahoo*,
24 308 F.R.D. at 605-606 (holding that, with invasion of privacy claims, an individual's claim "is

---

[5] Sections 632 and 632.7 appear to allow for damages of $5,000 per violation, or three times the amount of actual damages, if any, sustained by the plaintiff, whichever is greater. Mass. Gen. Law Ch. 272 § 99 allows for damages computed at the rate of $100 per day for each day of violation or $1,000, whichever is greater, but also provides for punitive damages and reasonable attorney's fees.

9

governed by and decided under the wiretapping laws of the state in which [the individual] resides.").

Plaintiff can and does bring claims under California's privacy statutes, and thus has a sufficient remedy. Because any amendment would be futile as a matter of law, Defendant's motion to dismiss Plaintiff's third cause of action is **GRANTED** without leave to amend.

### ii.    Class Allegations

Defendant moves to strike Plaintiff's class allegations, contending that the class definition of "[a]ll individuals who have had their telephone calls with LendingClub recorded by LendingClub without their knowledge and consent," FAC ¶ 32, is overbroad because neither California nor Massachusetts law can be applied to a nationwide class. *See* Mot. at 13. "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

Plaintiff alleges that LendingClub employs call centers in both California and Massachusetts, and therefore is subject to the laws of both states. FAC ¶ 23. As discussed above, the Court in *Valentine* held that out-of-state individuals have standing to sue in-state defendants under CIPA when the calls were routed to the defendant's California headquarters for analysis. *See Valentine*, 804 F. Supp. 2d at 1024, 1026.[6] Defendant relies upon *Yahoo Mail Litig.*, 308 F.R.D. at 605-06, where the court found that individual choice of law issues predominated in recording class action cases, particularly because states often differ in their dual or single consent statutes. However, *Yahoo* (and similar cases cited by Defendant) addresses class certification issues, not motions to strike class allegations, which are inherently disfavored. *See, e.g.*, 308 F.R.D. at 592 ("Although Yahoo may be correct that consent could present legal and factual questions that are not common to the proposed class, that observation does not bear on whether

---

[6] The *Valentine* court did not address whether CIPA should apply to a nationwide class where there are material conflicts of law and the intercepted communications may never pass through California.

10

1 Plaintiffs have identified other common legal and factual questions that are significant to
2 Plaintiffs' claims and capable of classwide resolution.").

If the case proceeds following the California Supreme Court's ruling in *Smith*, discovery will be necessary regarding the many issues that will arise at the class certification stage. The proposed class of individuals who potentially had their calls with LendingClub recorded without knowledge and consent is not overbroad at this stage given the facts alleged in the FAC. LendingClub has not carried its burden to show that this is one of the rare cases in which class allegations should be stricken prior to certification. The Court therefore **DENIES** Defendant's motion to strike Plaintiff's nationwide class allegations.

## IV. CONCLUSION

For the foregoing reasons, the Court **STAYS** Plaintiff's California Penal Code § 632.7 and California Penal Code § 632 causes of action, **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss Plaintiff's Mass. Gen. Law. Ch. 272 § 99 cause of action, and **DENIES** Defendant's motion to strike Plaintiff's nationwide class allegations.

**IT IS SO ORDERED.**

Dated: 7/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge